U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

NOV 22 2010

CLERK, U.S. DISTRICT COURT
By _____
    Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

GARY EPPLE, §
 §
      Plaintiff, §
 §
VS. § NO. 4:10-CV-303-A
 §
BURLINGTON NORTHERN AND §
SANTA FE RAILWAY, §
 §
      Defendant. §

MEMORANDUM OPINION
and
ORDER

Now before the court for consideration is the motion to dismiss pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure, filed by defendant, BNSF Railway Company ("BNSF").[1] Plaintiff, Gary Epple, filed nothing in response to the motion.[2] Having considered the motion, the

---

[1] Defendant maintains it was incorrectly named in the style of the action, and that its correct name is BNSF Railway Company. The court will use defendant's correct name in this order.

[2] The court on October 18, 2010, granted the motion of plaintiff's counsel to withdraw, and ordered plaintiff by November 1, 2010, to either inform the court of his intention to proceed pro se, or cause his new counsel to file an appearance in this case. On October 28, 2010, plaintiff filed a document indicating he had filed an appeal of this court's September 15, 2010, dismissal of the other defendants in this case to the United States Court of Appeals for the Fifth Circuit, and was waiting for the Fifth Circuit to act on his request for appointment of counsel. Having received nothing further from plaintiff in response to the court's October 18, 2010, order, the court on November 2, 2010, again ordered plaintiff by November 16, 2010, to either inform the court of his intention to proceed pro se or have new counsel file a notice of appearance. As of the date of the signing of this order, nothing has been filed by plaintiff or on his behalf in response to the court's November 2, 2010, order.

1

record in this action, and applicable legal authorities, the court concludes that the motion to dismiss should be granted.

I.

Background

Plaintiff initiated this action by the filing on April 29, 2010, of a complaint bringing claims against the Brotherhood of Locomotive Engineers and Trainmen ("BLET"), United Transportation Union ("UTU"), and BNSF. The complaint alleged claims and causes of action against BLET and UTU for breach of the duty of fair representation, against BNSF for breach of the collective bargaining agreement, and for retaliation against BNSF and BLET, all arising under the Railway Labor Act ("RLA"), 45 U.S.C. § 151 et seq. The basis of the claims against BNSF was plaintiff's allegation that BNSF colluded with UTU and BLET for the purpose of breaching the unions' duty of fair representation, and that BNSF retaliated against him for asserting his rights under the various union agreements.

BLET and UTU previously filed motions to dismiss, each grounded on the contention that plaintiff's claims for breach of the duty of fair representation were barred by limitations. BLET also argued for dismissal of plaintiff's retaliation claims on

the grounds that such claims were subsumed by plaintiff's claim of breach of the duty of fair representation. In his response to the unions' motions to dismiss, plaintiff conceded to BLET's argument as to his retaliation claims, and he abandoned those claims.

II.

## Applicable Legal Principles

Defendant contends dismissal of this action is required under Rule 12(b)(1) of the Federal Rules of Civil Procedure. Under Rule 12(b)(1), a case is properly dismissed when the court "lacks the statutory or constitutional power to adjudicate the case." Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss., 143 F.3d 1006, 1010 (5th Cir. 1998) (citations omitted). If one of the parties challenges the court's jurisdiction, the court has broad power to weigh the evidence and satisfy itself that it has jurisdiction to hear the case. Williamson v. Tucker, 645 F.2d 404, 412-13 (5th Cir. 1981). When a defendant challenges the plaintiff's jurisdictional allegations, the plaintiff bears the burden to prove that subject matter jurisdiction exists. Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001); Menchaca v. Chrysler Credit Corp., 613 F.2d 507,

511 (5th Cir. 1980).

III.

Analysis

Jurisdiction over a railroad employee's grievances with the railroad involving interpretation or application of a collective bargaining agreement is vested exclusively in the National Railroad Adjustment Board ("Board"). 45 U.S.C. § 153 First. An exception to the Board's exclusive jurisdiction arises when the employee has claims against the employer concerning interpretation of the collective bargaining agreement, and against the union for breach of the union's duty of fair representation, in which case the employee may bring a "hybrid" action against both the union and the employer. Trial v. Atchison, Topeka & Santa Fe Ry. Co., 896 F.2d 120, 123 (5th Cir. 1990) (internal citations omitted).

The Supreme Court has held that the six-month limitations period found in section 10(b) of the National Labor Relations Act ("NLRA") applies to hybrid actions brought under that Act and under the Labor Management Relations Act ("LMRA"). DelCostello v. Int'l Bhd. of Teamsters, 462 U.S. 151, 169-172 (1983). The Fifth Circuit subsequently applied the six-month limitations

period to hybrid actions brought pursuant to the RLA. Trial, 896 F.2d at 124. "The limitations period under the RLA begins to run when the claimants discover, or in the exercise of reasonable diligence should discover, the acts that form the basis of their duty of fair representation claim." Id. (internal citations omitted). Applying the above principles to the facts of this case, the court on September 15, 2010, granted the unions' motions to dismiss and dismissed plaintiff's claims against BLET and UTU as time-barred.

BNSF now argues that because the court held as time-barred plaintiff's claims against UTU and BLET for breach of the duty of fair representation, the court lacks jurisdiction over plaintiff's claims against BNSF.

BNSF relies on Trial, where the Fifth Circuit considered hybrid claims brought under the RLA by employees of the Atchison, Topeka & Santa Fe Railway Company. Id. Although the employees sued only the employer-railroad, they alleged claims against the union for breach of the duty of fair representation, arguing that such allegations were sufficient to confer federal court jurisdiction over their claims against the railroad without the necessity of presenting those claims to the Board. Id. at 123.

The Fifth Circuit, in affirming summary judgment for the employer-railroad, held that because the employees failed to bring their claims against the union within six months of accrual, those claims were time-barred. Id. at 126. In then considering the employees' claims against the railroad, the Fifth Circuit further held that:

> [s]ince the claims against the [union] are time-barred, the appellants cannot show that the [union] breached its duty of fair representation; therefore, they lack the jurisdictional predicate that would permit a federal court to resolve their claims against [the railroad]. The district court did not have jurisdiction over their claims against [the railroad] because the National Railroad Adjustment Board had exclusive jurisdiction.

Id. The same result is in order here.

The court previously found that plaintiff's claims against UTU and BLET were time-barred and dismissed those claims. Because plaintiff's claims against the unions are time-barred, plaintiff lacks the "jurisdictional predicate" that would vest the court with jurisdiction over plaintiff's claims against BNSF. Id.

IV.

Order

Therefore,

The court ORDERS that the motion to dismiss filed by BNSF be, and is hereby, granted, and that all claims and causes of action filed by plaintiff, Gary Epple, against BNSF be, and are hereby, dismissed with prejudice.

SIGNED November 22, 2010.

_____
JOHN McBRYDE
United States District Judge